UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAYE D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 01-0209 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

Pending before the Court is Plaintiff's motion for the immediate retroactive reinstatement of the disability compensation benefits terminated by the Defendants. Plaintiff is a member of the certified class in *Lightfoot v. District of Columbia*, No. 01-1484, a case involving the termination of disability compensation benefits by the District of Columbia government.[1] Because the Court concludes that Plaintiff cannot recover those benefits separate and apart from other members of the class, her motion will be denied.

I. BACKGROUND

In her amended complaint, Plaintiff alleges that she was employed as a mathematics and science teacher by the District of Columbia Public Schools until March, 1987, when she was diagnosed with depression. Amended Complaint ("Amend. Compl."), ¶¶ 2, 8. Following this diagnosis, Plaintiff stopped working and began receiving disability compensation benefits. *Id.*, ¶ 8. Plaintiff alleges that her disability benefits were suspended from May 26, 1997 to October 8, 1997 based on her failure to cooperate with a vocational rehabilitation specialist. *Id.*, ¶ 9. On August 18, 1998, Plaintiff's suspension was affirmed on appeal by the

---

[1] This action has been consolidated with the *Lightfoot* case.

Department of Employment Services ("DES") Deputy for Labor Standards in a Final Compensation Order. *Id.* Plaintiff then appealed to the Employment Compensation Appeals Board, which set aside the suspension order and remanded the case back to DES. *Id.* On April 7, 2002, the DES hearing and appeals examiner recommended that the suspensions be upheld. *Id.* That decision was affirmed by the Director of DES, and Plaintiff appealed to the District of Columbia Court of Appeals. *Id.* Plaintiff's suspension was upheld by the Court of Appeals. *See Smith v. Employment Servs.*, 802 A.2d 390 (D.C. 2002).

Plaintiff alleges that on July 31, 1998, as she was contesting the suspension order, Defendant terminated her disability benefits without a hearing. *Id.*, ¶10. Plaintiff requested reconsideration of that decision with the Associate Director of the D.C. Compensation Program. *Id.*, ¶11. On June 15, 1999, Plaintiff received a Final Order of Denial. *Id.*, ¶ 12.

Plaintiff claims that the termination of her compensation benefits without notice and a hearing violated due process. *Id.*, ¶ 15, 16.[2] She seeks declaratory, injunctive and monetary relief.

## II. DISCUSSION

Rule 23(b)(2) of the Federal Rules of Civil Procedure permits class actions where "the party opposing the class has acted or refused to act on grounds generally applicable to the class." In *Lightfoot*, the Court certified as a class pursuant to Fed. R. Civ. P. 23(b)(2) "[a]ll persons who have received or will receive disability compensation benefits ... and whose

---

[2] Plaintiff also alleged that Defendant violated the Americans With Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, that she sought accommodation of her disability, but that defendant failed to reassign her from classroom teaching. *Id.*, ¶¶13, 18, 22. In a prior Order, the Court dismissed this claim based on Plaintiff's failure to exhaust her administrative remedies.

2

benefits have been terminated, suspended or reduced since June 27, 1998 or whose benefits [may] be terminated, suspended or reduced in the future." *Lightfoot v. District of Columbia*, No. 01-1484 (D.D.C. Jan. 14, 2004), *slip op.* at 4, 6-7. The Court held that the District of Columbia's policies and procedures regarding the termination, suspension and modification of compensation benefits violates due process. *See Lightfoot v. District of Columbia*, 339 F.Supp.2d 78, 92 (D.D.C. 2004). To remedy this constitutional violation, the Court ordered that "disability compensation benefits, both cash and medical, of all members of the Plaintiff class be reinstated as of [September 24, 2004] until individualized termination, modification, or suspension determinations may be made under validly promulgated rules." *Id.*

Subsequent to Plaintiff's filing of her motion, the Court of Appeals stayed the remedy portion of this Court's September 24, 2004 Order. *See Lightfoot v. District of Columbia*, 2006 WL 573869 (D.C. Cir. Feb. 10, 2006)(stay granted based on District's likely success on merits). As a result, the Court is precluded from enforcing the remedial order at this time. Moreover, even if the court could do so, Plaintiff presents no persuasive reason for granting her individual relief.

As a general matter, courts should not permit individual plaintiff's opt-out rights if doing so would undermine the policies behind class actions. *Eubanks v. Billington*, 110 F.3d 87, 94 (D.C. Cir. 1997). District courts, however, have the discretion to grant opt-out rights when "necessary to facilitate the fair and efficient conduct of the litigation." *Id.* at 96. A district court's discretion to grant opt-out rights to a class member may be exercised in two instances: (1) if the court finds that the "assumption of cohesiveness" underlying class certification is inapplicable to the individual class member's claim for monetary damages; or (2) the claim of the

plaintiff seeking to opt-out is so "unique or sufficiently distinct from the claims of the class as a whole" to justify her receiving relief independently from the other class members. *Eubanks*, 110 F.3d at 96; *see also Thomas v. Albright*, 139 F.3d 227, 234 (D.C. Cir.), *cert. denied*, 525 U.S. 1033 (1998). Neither of these circumstances is present here. In granting class certification, the Court found that the claim for monetary relief flowed from the request for declaratory and injunctive relief and that the monetary remedy was more in the nature of restitution than damages. *Lightfoot v. District of Columbia*, No. 01-1484 (D.D.C. Jan. 14, 2004), *slip op.* at 13. The Court also concluded that the class would not "break down" during the determination of individual claims for monetary damages. *Id.*, (citing *Eubanks*, 110 F.3d at 95). There is nothing unique or distinct about plaintiff's claim that compels the Court to offer individual and separate relief.[3]

The remedy sought by plaintiff has been previously addressed in the context of this litigation by Magistrate Judge Facciola. In *Lightfoot v. District of Columbia*, 233 F.R.D. 28 (D.D.C. 2006), another class member sought immediate reinstatement of his benefits. *Id.* at 30. In denying relief, the Magistrate Judge correctly noted that allowing independent relief to class members would "create unnecessary and inappropriate inefficiencies." *Id.* at 31. Permitting one plaintiff to obtain independent relief would require the court to do the same for all class members. *Id.* Such an action "would be duplicative and contrary to the fundamental purpose of class actions ..." *Id.*

---

[3] Plaintiff argues that although she is a member of the *Lightfoot* class, she is not similarly situated because in addition to the due process claim, she alleges discrimination under the ADA. Given the fact that the Court has dismissed that claim, it has no relevance to the disposition of the present motion.

4

The Court agrees with Magistrate Judge Facciola's analysis. The primary purpose of a class action is to "save[] the resources of both the courts and the parties by permitting an issue potentially effecting every class member to be litigated in an economical fashion." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982). If each class member were allowed to opt-out in an effort to obtain immediate relief, the purpose of the class action would be defeated. The granting of relief to a class member separate from the class as a whole should not be indiscriminate, but selective, and only under limited circumstances. *See Thomas*, 139 F.3d at 198; *Eubanks*, 110 F.3d at 96; *Keepseagle v. Johanns*, -- F.R.D. --, 2006 WL 752500 (D.D.C. 2006). Such relief is not appropriate here. Accordingly, Plaintiff's motion will be denied.

A separate order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: 4/26/06